✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
v.
__JAMES VERNON MAY__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    1:09 mj 50

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X  (1) There is probable cause to believe that the defendant has committed an offense

- X  for which a maximum term of imprisonment of ten years or more is prescribed in __18 U.S.C. § 2261(a)(1)__ .
- ☐  under 18 U.S.C. § 924(c).

X  (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
X  (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  ☐ a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____    _____
*Date*                                          *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 mj 50

UNITED STATES OF AMERICA,

Vs.

JAMES VERNON MAY.

ADDENDUM TO
DETENTION ORDER

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a crime of violence. The evidence shows that the defendant, with the intent to kill or injure, committed an act of violence against his spouse, that being an assault which created serious injury upon the body of the defendant's spouse.

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties and he has employment. The defendant does not have financial resources. The defendant has had a long length of residence in the Rutherford County community. The defendant's criminal record shows that he does not have a history of drug abuse. The defendant does have a history of alcohol abuse. The defendant was abusing alcohol at the time of the assault alleged in the criminal complaint. The defendant's criminal record shows that he has the following convictions:

| Offense | Conviction Date |
|---|---|
| Misdemeanor possession of alcohol under age | 12/09/94 |
| Driving while impaired | 09/27/95 |

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. From the evidence presented, including the testimony of Jody L. Bandy, U.S. Forest Service law enforcement officer and the affidavit of Officer Bandy, it appears the defendant and his wife had separated and the defendant had followed his wife to the Black Balsam camping area in the Pisgah National Forest. The defendant was consuming alcohol and was threatening persons in the camp,

including his wife. The defendant assaulted his wife, hitting her at least 40 times in the head, ears, eyes and temple. She sustained serious injuries, including a concussion and injuries to her teeth and mouth which will require oral surgery. After the defendant finished assaulting his wife, the defendant stated to persons in the area "if this one doesn't kill you, next time, it will". The violent assault and the threat made by the defendant that he would again assault his wife to the point of killing her, show by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

The undersigned does not find that the release of the defendant would create a risk of flight on his part. A preponderance of the evidence shows that the defendant has always resided in Rutherford County, NC except for periods of time in the armed service and in school.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: July 30, 2009

Dennis L. Howell
United States Magistrate Judge